**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHNNY JONES,<br><br>        Plaintiff<br><br>v.<br><br>THE NEVADA BOARD OF PAROLE COMMISSIONERS, et. al.,<br><br>        Defendants | Case No.: 3:21-cv-00004-MMD-WGC<br><br>**Report & Recommendation of United States Magistrate Judge**<br><br>Re: ECF No. 8 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Motion for Preliminary Injunction and/or Temporary Restraining Order. (ECF No. 8.)

After a thorough review, it is recommended that Plaintiff's motion be denied without prejudice.

**I. BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 10.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP). (*Id.*)

The court recently screened Plaintiff's complaint and allowed him to proceed with an equal protection claim based on allegations that parole board members Susan Jackson, Mary Baker, Lupe Garrison, Tony Corda and Eric Christianson improperly consider gender as a factor

in deciding whether to grant him parole. He contends that he would have a lower point total and risk grade and higher chance of parole if he were a woman instead of a man. (ECF No. 9.)

Plaintiff has filed a motion for preliminary injunction and/or temporary restraining order (TRO). He claims that Defendants engage in gender discrimination in violation of his rights to equal protection. He asserts that he will go before the parole board in June of 2021, and with the current considerations, he will essentially be punished for being a male. If he is denied parole, he can be denied programs as well as institutional placement in camps and low level prisons, and denied or delayed freedom. He asks the court to issue an order that the Nevada Board of Parole Commissioners stop using the parole risk assessment guidelines until he has had a trial in this case. (ECF No. 8.)

## II. LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

Injunctions and temporary restraining orders are governed procedurally by Federal Rule of Civil Procedure 65, but case law outlines the substantive requirements a party must satisfy to obtain an injunction or restraining order. *See Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 (1999) ("[T]he general availability of injunctive relief [is] not altered by [Rule 65] and depend[s] on traditional principles of equity jurisdiction.").

A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each

party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).).

The Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)...operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

A temporary restraining order is appropriate when irreparable injury may occur before the court can hold a hearing on a motion for preliminary injunction. *See* 11A The Late Charles Alan Wright & Arthur R. Miller, et. al., *Federal Practice and Procedure*, § 2951 (3d ed. 1999). The standard for issuing a temporary restraining order is identical to the standard for a

preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001); *see also* 11A The Late Charles Alan Wright & Arthur R. Miller, et. al., *Federal Practice and Procedure*, § 2951 (3d ed. 1999) ("When the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for preliminary injunction and the proceeding is not subject to any special requirements."). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70,* 415 U.S. 423, 439 (1974).

### III. DISCUSSION

Plaintiff simply concludes that he has alleged a "prima facie case" of gender discrimination in violation of the Equal Protection Clause, without actually demonstrating to the court that he is likely to succeed on the merits. The court finds, however, that there are questions regarding Plaintiff's likelihood of success on the merits that warrant denial of injunctive relief at this time.

Preliminarily, The Ninth Circuit has held that "parole board officials are entitled to absolute immunity from suits by prisoners for actions taken when processing parole applications." *Sellars v. Procunier,* 641 F.2d 1295, 1302 (9th Cir. 1981); *see also Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 751 (9th Cir. 2009). This is based on an analysis that the parole board members serve in a quasi-judicial function, and so like judges, are entitled to absolute immunity for conduct undertaken with respect to parole determinations. *Sellars*, 641 F.3d at 1302-03. The immunity does not extend to conduct "taken outside an official's adjudicatory role." *Anderson v. Boyd*, 714 F.2d 906, 909-10 (9th Cir. 1983), *abrogated in part by Swift v.*

4

*California*, 384 F.3d 1184, 1189 (9th Cir. 2004) (holding parole officers not entitled to absolute immunity when investigating parole violations, ordering the issuance of a parole hold or orchestrating a parolee's arrest, or recommending initiation of revocation proceedings).

There is at least an argument to be made that in deciding to rely on gender as a factor in a parole assessment, parole board members are engaging in a quasi-judicial type of function that would entitle them to absolute immunity.[1] Even if absolute quasi-judicial immunity is not applicable, Defendants may be entitled to qualified immunity because the law was not clearly established that they violate the Equal Protection Clause by considering gender in assessing whether an inmate should be paroled. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1066 (9th Cir. 2016) (en banc), *cert. denied*, 137 S.Ct. 831 (Jan. 23, 2017) (qualified immunity looks at whether the right was clearly established when the defendant acted).

Even without the immunity considerations, the Ninth Circuit has held that intermediate scrutiny applies to gender-based prison equal protection cases, meaning that "such regulations are constitutional only if the government demonstrates they serve[ ] important governmental objectives and that the discriminatory means employed are substantially related to the achievement of those objectives." *Harrison v. Kernan*, 971 F.3d 1069, 1071, 1076 (9th Cir. 2020) (citation and quotation marks omitted). "[W]hen applying intermediate scrutiny to gender-based distinctions drawn by prison officials, [courts] must not disregard the special difficulties that arise in the prison context." *Id.* at 1079 (citation and quotation marks omitted).

---

[1] Plaintiff, on the other hand, might argue that formulating the factors to consider on parole is more akin to an administrative function which takes the conduct out of the realm of absolute immunity. The court simply does not have enough information before it at this time to determine the absolute immunity issue.

Plaintiff's conclusion that using gender as a factor in parole assessment violates his right to equal protection of the laws omits any discussion of what governmental interests might be served by the consideration of gender in deciding whether to grant an inmate parole, which is crucial to a determination of whether such a policy violates the Equal Protection Clause.

The court is also not convinced Plaintiff has demonstrated a likelihood of irreparable harm in the absence of injunctive relief as there is no guarantee Plaintiff would be granted parole even if the court were to grant his requested relief and require that the board not consider gender in its assessment.

In sum, there are significant questions regarding whether Plaintiff is likely to succeed on the merits and whether he would face irreparable harm in the absence of injunctive relief that warrant denial of his motion for injunctive relief at this time. Therefore, Plaintiff's motion should be denied; however, the denial should be without prejudice, so that Plaintiff may raise the argument again, when supported by additional information, and after an appearance has been made on behalf of Defendants following the early mediation conference.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's motion for injunctive relief (ECF No. 8) **WITHOUT PREJUDICE**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: May 18, 2021

_____
William G. Cobb
United States Magistrate Judge