# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JOHNNY JONES,

      Plaintiff

v.

THE NEVADA BOARD OF
PAROLE COMMISSIONERS, et. al.,

      Defendants

Case No.: 3:21-cv-00004-MMD-WGC

**Report & Recommendation of
United States Magistrate Judge**

Re: ECF No. 24

      This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

      Before the court is Defendants' Motion to Dismiss. (ECF No. 24.) Plaintiff did not file a response.

      After a thorough review, it is recommended that Defendants' motion be granted.

## I. BACKGROUND

      When Plaintiff filed his complaint, he was an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 10.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP). (*Id.*) Plaintiff was subsequently granted parole. (ECF No. 24 at 33-35.)

      The court screened Plaintiff's complaint and allowed him to proceed with a Fourteenth Amendment equal protection claim against defendants Susan Jackson, Mary Baker, Lupe Garrison, Tony Corda, and Eric Christianson, who were members of the Nevada Board of Parole

1  Commissioners (Parole Board). Plaintiff's claim is based on allegations that they deliberately

2  draw distinctions based on sex when deciding whether to parole an inmate because female

3  inmates have a point deducted from their score while males do not. All other claims and

4  defendants were dismissed. (ECF No. 9.)

5  Defendants move to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure

6  12(b)(6) for failure to state a claim upon which relief may be granted. They argue that they are

7  entitled to immunity; they properly considered gender in evaluating the risk of recidivism

8  because gender is statistically tied to recidivism rates; Plaintiff is not entitled to punitive

9  damages under section 1983; and Plaintiff's request for injunctive relief in the form of a new

10  parole hearing is moot as he has since been paroled.

11  ## II. LEGAL STANDARD

12  Generally, district courts may not consider materials outside the pleadings when

13  assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil

14  Procedure. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). When "matters outside

15  the pleading are presented to and not excluded by the court," the 12(b)(6) motion converts into a

16  motion for summary judgment under Rule 56. *Id.*

17  "There are two exceptions to this rule: the incorporation-by-reference doctrine, and

18  judicial notice under Federal Rule of Evidence 201." *Khoja v. Orexigen Therapeutics, Inc.*, 899

19  F.3d 988, 998 (9th Cir. 2018).

20  "Judicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not

21  subject to reasonable dispute.'" *Id.* at 999 (citing Fed. R. Civ. P. 201(b)). "A fact is 'not subject

22  to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined

23  from sources whose accuracy cannot reasonably be questioned.'" *Id.* (citing Fed. R. Civ. P.

201(b)(1)-(2)). "A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment." *Lee*, 250 F.3d at 689 (citation omitted). "But a court cannot take judicial notice of disputed facts contained in such public records." *Khoja*, 899 F.3d at 999.

Here, the court may take judicial notice of the fact that Plaintiff was denied parole in 2020. (ECF No. 24 at 30-31.) The court may take judicial notice of the fact that Plaintiff was granted parole in 2021. (ECF No. 24 at 33-35.)  The court may also take judicial notice of the fact that the Nevada Parole Board utilized a parole risk assessment that included gender as a factor where males were assigned zero points for their gender, and females were deducted one point for their gender. (ECF No. 24 at 58.)[1] Therefore, the court need not convert Defendants' motion into a motion for summary judgment.

Federal Rule of Civil Procedure 12(b) contemplates the filing of a motion to dismiss for the failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). This does not apply, however, to "legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009).

---

[1] The court's analysis does not consider the Revalidation of the Nevada parole Board Risk Assessment Instrument prepared by James Austin, Ph.D., and Wendy Naro of the JFA Institute in 2017 (ECF No. 24 at 37-52); therefore, the court need not address whether it is proper to take judicial notice of that document.

1    A dismissal  under Rule 12(b)(6) should not be without leave to amend unless it is clear

2  from the face of the complaint that the action is frivolous and could not be amended to state a

3  federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v.*

4  *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*,

5  920 F.2d 614, 616 (9th Cir. 1990).

6                                   **III. DISCUSSION**

7    The Nevada Administrative Code (NAC) provides that Parole Board will assign to each

8  crime for which parole is being considered a severity level of "highest," "high," "moderate," low

9  moderate," or "low." NAC 213.512. The Parole Board will then assign each prisoner a risk level

10  of "high," "moderate," or "low," according to the level of risk that the prisoner will commit a

11  felony if released on parole. NAC 213.514(1). In establishing the risk level, the Parole Board

12  will conduct an objective risk assessment using a combination of risk factors that predict

13  recidivism. NAC 213.514(2).

14    The Parole Board has adopted recidivism risk and crime severity guidelines which

15  assesses risk and the resulting point allocations, effective March 6, 2019. (ECF No. 24 at 54-58.)

16  One of the factors considered is gender. A male is assigned zero points for gender, and a female

17  is deducted one point for gender. (*Id*. at 55, 58.)

18    On September 2, 2020, Plaintiff was denied parole. Plaintiff's offense severity was

19  categorized as "high." Utilizing the risk assessment factors, he was given a total risk score of

20  nine, which resulted in a conclusion that he was a moderate risk to reoffend. In that risk

21  assessment, he was assigned zero points for his male gender. (ECF No. 24 at 30-31.)

22    On June 23, 2021, Plaintiff was granted parole. (ECF No. 24 at 33.)

23

Plaintiff's complaint alleges that his right to equal protection was violated by the Parole Board's use of a point system which deducts a point from a female inmate being considered for parole while assigning a male inmate being considered for parole zero points.

The Ninth Circuit has held that "parole board officials are entitled to absolute immunity from suits by prisoners for actions taken when processing parole applications." *Sellars v. Procunier*, 641 F.2d 1295, 1302 (9th Cir. 1981); *see also Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 751 (9th Cir. 2009). This Ninth Circuit reasoned that parole board members serve in a quasi-judicial function, and so like judges, are entitled to absolute immunity for conduct undertaken with respect to parole determinations. *Sellars*, 641 F.3d at 1302-03. The immunity does not extend to conduct "taken outside an official's adjudicatory role." *Anderson v. Boyd*, 714 F.2d 906, 909-10 (9th Cir. 1983), *abrogated in part by Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004) (held that parole officers were not entitled to absolute immunity when investigating parole violations, ordering the issuance of a parole hold or orchestrating the parolee's arrest, or recommending the initiation of revocation proceedings).

Here, the parole board members utilized the risk factor analysis described above—which includes consideration of an inmate's gender—to deny Plaintiff parole in 2020. There is no doubt that utilization of the risk factor analysis was directly related to the decision to grant or deny Plaintiff parole. *See Swift*, 384 F.3d at 1189 (citations omitted) ("parole board officials … are entitled to absolute quasi-judicial immunity for decisions 'to grant, deny or revoke parole' because these tasks are 'functionally comparable to tasks performed by judges.'"). There is no evidence before the court that the conduct at issue was outside of the Defendants' adjudicatory role.

In recommending denial of Plaintiff's motion for injunctive relief, the court said that the Defendants were likely entitled to quasi-judicial immunity in relying on gender as a factor in Plaintiff's parole assessment. (*See* ECF No. 11 at 4:16-23, 5:1-6.) The court noted in a footnote, however, that Plaintiff might argue that formulating the factors to consider on parole is more akin to administrative function which takes the conduct out of the realm of absolute immunity. (*See id*. at 5, n. 1.) Plaintiff did not oppose this motion and so he did not make such an argument. Moreover, after considering the matter further, even if Plaintiff's claim is interpreted as alleging an equal protection violation for the formulation of the risk factors, the court finds that this conduct is still directly related to the evaluation of whether to grant or deny parole, and entitles Defendants to absolute quasi-judicial immunity.

Quasi-judicial immunity extends to actions for declaratory, injunctive and other relief. *See Moore v. Brewster*, 96 F.3d 12040, 1243-44 (9th Cir. 1996), *superseded by statute on other grounds* (citing *Mullis v. Bankruptcy Court for the District of Nevada*, 828 F.2d 1385, 1394 (9th Cir. 1987), *cert. denied*, 486 U.S. 1040 (1988)).

Defendants are entitled to absolute quasi-judicial immunity. Therefore, the court need not address Defendants' remaining arguments, and Defendants' motion should be granted.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING** Defendants' Motion to Dismiss (ECF No. 24).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's

Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: October 27, 2021

William G. Cobb
United States Magistrate Judge

7