# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHNNY JONES, | Case No. 3:21-cv-00004-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| THE NEVADA BOARD OF PAROLE COMMISSIONERS, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Johnny Jones brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge William G. Cobb (ECF No. 28), recommending the Court grant Defendants' motion to dismiss (ECF No. 24 ("Motion")). Jones had until November 10, 2021, to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will grant the Motion.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

///

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Cobb did not clearly err. Here, Defendants moved to dismiss Jones' Fourteenth Amendment equal protection claim for failure to state a claim upon which relief may be granted per Federal Rule of Civil Procedure 12(b)(6). (ECF No. 28 at 2.) Judge Cobb reasoned that Defendants are entitled to absolute quasi-judicial immunity in this case. (*Id.* at 6.) Because "parole board officials are entitled to absolute immunity from suits by prisoners for actions taken when processing parole applications," *Sellars v. Procunier*, 641 F.2d 1295, 1302 (9th Cir. 1981), and the actions giving rise to Jones' claim involved processing his parole application, Defendants are entitled to immunity. (*Id.* at 5-6.) Moreover, despite that the Court flagged this issue in an earlier order (ECF No. 11 at 5) and invited Jones to elaborate on whether he believed there was some reason Defendants should not be entitled to immunity, he did not make any such argument, nor did he object to the R&R. The Court therefore agrees with Judge Cobb. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Cobb's Report and Recommendation (ECF No. 28) is accepted and adopted in full.

It is further ordered that Defendants' motion to dismiss is granted. (ECF No. 24.)

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 15th Day of November 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE